UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:14-cv-722-RJC

| JOHN C. HORNING, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | ORDER |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | ) | |
| Defendant. | ) | |

**THIS MATTER** comes before the Court on Plaintiff's Motion for Summary Judgment and Memorandum in Support, (Doc. Nos. 13, 14); and Defendant's Motion for Summary Judgment and Memorandum in Support, (Doc. Nos. 17, 18).

## I.     BACKGROUND

A.     <u>Procedural Background</u>

Plaintiff John C. Horning ("Plaintiff") seeks judicial review of Defendant's denial of his social security claim. (Doc. No. 1). On October 7, 2011, Plaintiff filed an application for a period of disability and disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 405, <u>et seq.</u>, alleging an inability to work due to disabling conditions beginning on January 1, 2008. (Doc. Nos. 12 to 12-13: Administrative Record ("Tr.") at 22, 161–64). The Commissioner initially denied Plaintiff's application on December 20, 2011, (Tr. 103), and upon reconsideration on April 24, 2012, (Tr. 22). Plaintiff filed a timely written request for a hearing on June 13, 2012. (Tr. 136–37).

On March 7, 2014, Plaintiff, represented by counsel, appeared and testified at a hearing

before an Administrative Law Judge ("ALJ"). (Tr. 39–89). At the hearing, Plaintiff amended his onset date to April 1, 2009. (Tr. 44). The amendment was accepted during the hearing; however, after reviewing the entire record, the ALJ concluded that changing the onset date to a later date did not affect the outcome of the case. (Tr. 22). Therefore, the alleged onset date remained January 1, 2008. (Tr. 38). The ALJ issued a decision on May 30, 2014, denying Plaintiff's claim. (Tr. 19–38). Plaintiff filed a request for review of the ALJ's decision on July 23, 2014, (Tr. 17), which was denied by the Appeals Council on October 29, 2014, (Tr. 1–6). Therefore, the May 30, 2014 ALJ decision became the final decision of the Commissioner on October 29, 2014.

Plaintiff's Complaint seeking judicial review and a remand of his case was filed in this Court on December 29, 2014. (Doc. No. 1). Plaintiff's Motion for Summary Judgment, (Doc. No. 13), was filed July 31, 2015, and Defendant's Motion for Summary Judgment, (Doc. No. 17), was filed October 29, 2015. The pending motions have been briefed and are ripe for adjudication.

B.     Factual Background

The question before the ALJ was whether Plaintiff was under a "disability" as that term of art is defined for Social Security purposes,[1] at any time between January 1, 2008, when Plaintiff's disabling conditions commenced, and the date of the ALJ's decision on May 30, 2014. To establish entitlement to benefits, Plaintiff has the burden of proving that he was disabled within the meaning of the Social Security Act. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987). The ALJ concluded that Plaintiff was not under a disability at any time from January 1, 2008, through the date of his decision, May 30, 2014. (Tr. 38).

---

[1] Under the Social Security Act, 42 U.S.C. §§ 301, et seq., the term "disability" is defined as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995) (quoting 42 U.S.C. § 423(d)(1)(A)).

The Social Security Administration ("SSA") has established a five-step sequential evaluation process for determining if a person is disabled. 20 C.F.R. § 404.1520(a). The five steps are:

(1) whether the claimant is engaged in substantial gainful activity—if yes, not disabled;

(2) whether the claimant has a severe medically determinable physical or mental impairment, or combination of impairments that meet the duration requirement in § 404.1509—if no, not disabled;

(3) whether the claimant has an impairment or combination of impairments that meets or medically equals one of the listings in appendix 1 and meets the duration requirement—if yes, disabled;

(4) whether the claimant has the residual functional capacity ("RFC") to perform his or her past relevant work—if yes, not disabled; and

(5) whether, considering the claimant's RFC, age, education, and work experience, he or she can make an adjustment to other work—if yes, not disabled.

20 C.F.R. § 404.1520(a)(4)(i)–(v). In this case, the ALJ determined at step five that Plaintiff was not disabled. (Tr. 37–38).

Specifically, the ALJ first concluded that Plaintiff had not engaged in any substantial gainful activity since January 1, 2008, the alleged disability onset date. (Tr. 24). At step two, the ALJ found that Plaintiff had severe impairments of obesity, obstructive sleep apnea, major depressive disorder, obsessive-compulsive disorder, and a personality disorder not otherwise specified. (Tr. 24–27). At the third step, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed

impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 27–30).

Next, the ALJ assessed Plaintiff's RFC and found that he retained the capacity to perform medium work except he is limited to jobs performing simple, routine tasks of unskilled work at a nonproduction pace with little interaction with co-workers. (Tr. 30).

At the hearing, a vocational expert ("VE") testified regarding Plaintiff's past relevant work, (Tr. 84–85), and pursuant to the VE's testimony, the ALJ found that Plaintiff was unable to perform his past relevant work. (Tr. 37). At the fifth and final step, the ALJ concluded, based on the VE's testimony, that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. (Tr. 37–38). Therefore, the ALJ concluded that Plaintiff was not under a "disability," as defined by the Social Security Act, at any time between January 1, 2008, and the date of his decision on May 30, 2014. (Tr. 39).

## II. STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. §§ 405(g), 1383(c)(3), limits this Court's review of a final decision of the Commissioner to determining: (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 390, 401 (1971); and (2) whether the Commissioner applied the correct legal standards, Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). The District Court does not review a final decision of the Commissioner de novo. Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979). The Social Security Act provides: "The findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). In Smith v. Heckler, the Fourth Circuit noted that "substantial evidence" is "more than a scintilla and must do more than create a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." 782 F.2d 1176,

1179 (4th Cir. 1986) (quoting Perales, 402 U.S. at 401).

The Fourth Circuit has long emphasized that it is not appropriate for a reviewing court to weigh the evidence anew, or to substitute its judgment for that of the Commissioner, if the Commissioner's final decision is supported by substantial evidence. Hays, 907 F.2d at 1456; see also Smith v. Schweiker, 795 F.2d at 345. Indeed, this is true even if the reviewing court disagrees with the outcome. Provided there is "substantial evidence" in the record to support the final decision below, the Court will uphold the final decision. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

## III. DISCUSSION

On appeal to this Court, Plaintiff argues that the ALJ's mental RFC finding is not supported by substantial evidence and that the Appeals Council erred by not remanding the case based upon additional evidence. Specifically, Plaintiff contends that the ALJ failed to complete a proper function-by-function analysis of his mental limitations; that the ALJ did not account for Plaintiff's moderate limitations in social functioning and concentration, persistence, or pace in the RFC finding; and that the ALJ failed to include limitations from medical opinions, to which he gave substantial weight, in the RFC. Plaintiff also contends that additional evidence submitted to the Appeals Council filled evidentiary gaps and contradicted the ALJ's findings; therefore, the Appeals Council erred by not remanding the case.

A. RFC Finding

First, Plaintiff faults the ALJ's RFC finding. Plaintiff argues that the ALJ failed to conduct a complete function-by-function analysis of the functions associated with Plaintiff's mental impairments and that the ALJ's RFC determination did not account for Plaintiff's moderate mental limitations or consider Plaintiff's ability to stay on task. (Doc. No. 14 at 5–11). Therefore, Plaintiff

argues this Court is unable to conduct a meaningful review. (Id.).

The ALJ is solely responsible for assessing a claimant's RFC. 20 C.F.R. §§ 404.1546(c) & 416.946(c). In making that assessment, the ALJ must consider the functional limitations resulting from the claimant's medically determinable impairments. SSR 96-8p. The ALJ must also "include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts . . . and nonmedical evidence." Id. In Mascio, the Fourth Circuit held that "remand may be appropriate . . . where an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review." 780 F.3d at 636 (quoting Cichocki v. Astrue, 729 F.3d 172, 177 (2d Cir. 2013)). The Fourth Circuit also found that "an ALJ does not account 'for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work.'" Id. at 638 (quoting Winschel v. Comm'r of Soc. Sec., 631 F.3d 1176, 1180 (11th Cir. 2011)). However, Mascio did not adopt a per se rule requiring remand in every case in which a moderate limitation in concentration, persistence, or pace is not translated into something more than just an "unskilled work" or "simple task" limitation in the RFC. For example, if an ALJ finds that a claimant's limitations in concentration, persistence, or pace do not affect his ability to work, then it is appropriate to exclude those limitations from the RFC finding and, consequently, the hypothetical question posed to the VE. Id.

In this case, the Court finds that the ALJ analyzed all the relevant record evidence, conducted the requisite function-by-function analysis, and accounted for Plaintiff's moderate mental limitations in the RFC determination. First, the ALJ thoroughly examined and discussed Plaintiff's testimony. For example, Plaintiff stated, among other things, that he has lots of anxiety and stress but "for the most part [he is] doing pretty well" and he is "at a place that feels okay,

pretty good, compared to where [he] used to be." (Tr. 31, 68–69). The ALJ also discussed Plaintiff's roommate's testimony, in which she stated that Plaintiff has a lot of anxiety and he withdraws and sleeps all day but that he "is better on medication." (Tr. 32, 78–79). The ALJ also noted Plaintiff's testimony regarding why he could not work. Plaintiff insisted he could not work because he could not handle the stress; however, when asked whether he could do a simple, unskilled job, Plaintiff insisted he could not because such a job would not be "challenging" enough. (Tr. 32). The ALJ appropriately opined that Plaintiff's testimony raised a question "as to whether [Plaintiff's] continuing unemployment is actually due to his alleged mental impairments." (Tr. 33).

The ALJ then discussed the treatment records and evaluations from Plaintiff's treating physicians. The ALJ noted Dr. Jennifer Sadoff's conclusions that Plaintiff had the cognitive capacity to understand, remember, and carry out instructions; that he was able to concentrate sufficiently to perform repetitive tasks; that he would not have difficulty interacting appropriately with co-workers and supervisors; and that he did not have problems with persistence or pace for tasks that involved sustained attention. (Tr. 33). The ALJ then discussed Dr. Manuel Castro's records at length. Plaintiff saw Dr. Castro from at least August 2010 to June 2013. Upon his initial evaluation in August 2010, Dr. Castro reported that Plaintiff's attention and concentration were good. (Tr. 34, 404). Although Plaintiff admitted to Dr. Castro on several occasions that he had not been taking his medications as prescribed, Dr. Castro consistently noted that Plaintiff reported "doing well," "doing a lot better," having a "stable" mood, and having decreased anxiety when he was taking his medications. (Tr. 33–35). Notably, Plaintiff reported to Dr. Castro in January 2011 that he felt he was doing well and that he did not feel that some of his OCD symptoms were disabling or impairing his functioning on a day-to-day basis. (Tr. 34, 395).

Finally, the ALJ discussed the opinions of the State agency medical consultants. The State consultants analyzed Plaintiff's records and opined that Plaintiff was capable of performing the simple, routine tasks of unskilled work in a stable setting with limited public contact. (Tr. 36). The ALJ indicated that he gave these opinions substantial weight, and he explained how and why he disagreed with their finding related to Plaintiff's social limitations. (Id.). Plaintiff faults the ALJ for not specifically addressing the State physicians' indications on the check form portion of the assessment that Plaintiff had moderate limitations in ability to finish a workday and adapt to changes in a work setting. Plaintiff, however, fails to cite any authority or regulation requiring such a discussion by the ALJ. In fact, the SSA's Program Operations Manual System ("POMS") DI 25020.010, which Plaintiff cited for a different proposition, (Doc. No. 14-1), provides just the opposite. This POMS section instructs an ALJ to consider the narrative portions of a psychological assessment, as opposed to the check form portion, when developing the RFC. (Doc. No. 14-1 at 3). Accordingly, the Court finds no error in the ALJ's decision.

The medical records and the ALJ's analysis thereof confirm that, despite his mental limitations, Plaintiff retained the capacity to work and complete simple, routine tasks of unskilled work at a nonproduction pace with little interaction with co-workers. See Mascio, 780 F.3d at 638. Therefore, the RFC finding sufficiently accounted for Plaintiff's mental limitations.[2] Furthermore, the record clearly shows that Plaintiff's symptoms were reasonably controlled with

---

[2] In adopting the Eleventh Circuit's rule that an ALJ does not account for limitations in concentration, persistence, or pace by merely restricting a claimant to simple, routine tasks or unskilled work, Mascio quoted Winschel v. Comm'r of Soc. Sec., 631 F.3d at 1180. Mascio, 780 F.3d at 638. In Winschel, the Eleventh Circuit went on to state in the next sentence that "when medical evidence demonstrates that a claimant can engage in simple, routine tasks or unskilled work despite limitations in concentration, persistence, and pace, courts have concluded that limiting the hypothetical to include only unskilled work sufficiently accounts for such limitations." 631 F.3d at 1180.

medication and regular treatment. The ALJ thoroughly discussed the record evidence, including Plaintiff's own testimony, and concluded that "a review of the treatment notes reveals that when [Plaintiff] is actively engaged in regular, consistent mental health treatment, his functioning is vastly improved." (Tr. 33). "If a symptom can be reasonably controlled by medication or treatment, it is not disabling." Gross v. Heckler, 785 F.2d 1163, 1166 (4th Cir. 1986). Because his mental symptoms were controlled by medication and treatment, it is reasonable to determine that they did not affect Plaintiff's ability to work, and it was appropriate to exclude those limitations from Plaintiff's RFC. See Mascio, 780 F.3d at 638. Therefore, the ALJ's discussion of Plaintiff's mental limitations and the resulting RFC finding are supported by substantial evidence.

B. Additional Evidence

Plaintiff's final argument is that the Appeals Council did not give appropriate consideration to a medical opinion submitted after the ALJ's decision. Plaintiff contends that the additional evidence renders the ALJ's decision unsupported by substantial evidence and requires remand because a reviewing court may not assess the probative value of the evidence. (Doc. No. 14 at 15–19).

If an ALJ finds that a claimant is not disabled, the claimant may request that the Appeals Council review that decision. Meyer v. Astrue, 662 F.3d 700, 704 (4th Cir. 2011). Upon receiving such a request, the Appeals Council "may deny or dismiss the request for review, or it may grant the request and either issue a decision or remand the case." 20 C.F.R. § 404.967. When requesting a review, a claimant may submit additional evidence that was not previously before the ALJ. Meyer, 662 F.3d at 704 (citing 20 C.F.R. §§ 404.968, 404.970(b)). Before considering any additional evidence, the Appeals Council must first determine "if the submission constitutes 'new

and material' evidence that 'relates to the period on or before the date of the [ALJ's] hearing decision.'" Id. at 704–05 (quoting 20 C.F.R. § 404.970(b)). "Evidence is new 'if it is not duplicative or cumulative' and is material if there is 'a reasonable probability that the new evidence would have changed the outcome.'" Id. at 705 (quoting Wilkins v. Sec'y, Dep't of Health & Human Servs., 953 F.2d 93, 96 (4th Cir. 1991)). If the evidence is new, material, and relates to the time period relevant to the ALJ's decision, then the Appeals Council should "evaluate the entire record including the new and material evidence." 20 C.F.R. § 404.970(b).

After evaluating the records, "if the Appeals Council finds that the ALJ's action, findings, or conclusion is contrary to the weight of the evidence currently of record, it will grant the request for review and either issue its own decision on the merits or remand the case to the ALJ." Meyer, 662 F.3d at 705. If, however, the Appeals Council does not so find, it can simply deny the request for review without explaining any rationale for the denial. Id. The Fourth Circuit has noted that, although "an express analysis of the Appeals Council's determination would be helpful," the "lack of such additional fact finding does not render judicial review 'impossible'—as long as the record provides 'an adequate explanation of [the Commissioner's] decision.'" Id. at 706–07 (quoting Martinez v. Barnhart, 444 F.3d 1201, 1207–08 (10th Cir. 2006)). Therefore, a reviewing court should affirm an ALJ's denial of benefits after reviewing additional evidence presented to the Appeals Council if substantial evidence supports the ALJ's findings. Id. at 707.

In this case, the Appeals Council reviewed the additional evidence but determined that it did not relate to the relevant time period. (Tr. 1–2). The evidence was dated August 15, 2014, which was nearly three years after the relevant period under review by the ALJ. (Tr. 11). While the header on the first page of the evidence indicates that it is for the relevant "period prior to December 31, 2011," the statements made and language used by the medical provider indicate that

she was discussing information pertaining to Plaintiff's then-current conditions as of August 15, 2014. (Tr. 7–9). Furthermore, the additional evidence consists largely of information that is consistent with the record evidence the ALJ already considered and discussed in his decision. For example, similar to the other record evidence discussed by the ALJ, the medical provider stated that Plaintiff was responding fairly well to therapy. (Tr. 7). Therefore, the Court finds that the additional evidence does not relate to the relevant period under review and that it is not material because there is no reasonable probability that the evidence would have changed the outcome. Accordingly, the Appeals Council did not err, and the ALJ's decision remains supported by substantial evidence.

### IV. CONCLUSION

In light of the deferential standard of review applied under the Social Security Act, 42 U.S.C. §§ 405(g), 1383(c)(3), the Court finds that there is substantial evidence to support the Commissioner's final decision.

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Motion for Summary Judgment, (Doc. No. 13), is **DENIED**;
2. Defendant's Motion for Summary Judgment, (Doc. No. 17), is **GRANTED**; and
3. The Clerk of Court is directed to close this case.

Signed: March 21, 2016

Robert J. Conrad, Jr.
United States District Judge